IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRIAN HENRY RITTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:24-cv-67-RAH-JTA |
| ) | |
| LEE COUNTY DETENTION CENTER, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Brian Henry Ritter, a *pro se* inmate, filed this 42 U.S.C. § 1983 action challenging numerous conditions of confinement at the Lee County Detention Center in Opelika, Alabama. (Doc. No. 1.) Plaintiff appears to seek class certification, as he designates this action as a "class action civil lawsuit" and attempts to bring this action on behalf of himself and numerous other inmate signatories to the Complaint. (*Id*. at 1–3.) Thus, the Court considers the Complaint to contain a motion to certify case as a class action under Federal Rule of Civil Procedure 23. Upon consideration, the undersigned concludes that this motion is due to be denied for the following reasons.

Plaintiff is a *pro se* inmate unschooled in the law who seeks to represent the interests of the putative class. Among the requirements litigants must meet to maintain an action as a class action is that a class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a *pro se* litigant may "plead and conduct" his own claims in federal court, *see* 28 U.S.C. § 1654, he has no concomitant right to litigate the claims of other individuals. Indeed, the competence of a layman is "clearly too limited

to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621, 623 (4th Cir. 1981); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980).

The undersigned finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications regarding any general claims for relief. *See* Fed. R. Civ. P. 23(b)(1)(A). The undersigned further finds that the questions of fact affecting the individual who seeks to represent the class should be tried on their own merits and the questions of fact common to the proposed class members—presumably, inmates currently incarcerated at the Lee County Detention Center—do not predominate over such questions. *See* Fed. R. Civ. P. 23(b)(3); *see also Inmates, Washington Cnty. Jail*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify case as a class action and finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even without granting the request to certify case as a class action).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that:

1. Plaintiff's motion to certify case as a class action (Doc. No. 1) be DENIED; and

2. This case be referred to the undersigned for further proceedings.

It is further ORDERED that, on or before **February 28, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of February, 2024.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE